**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTOPHER J. BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-978-J |
| | ) | |
| FNU FRECH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff, a pro se state prisoner bringing claims under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. [Doc. No. 3]. The matter was referred for initial proceedings to United States Magistrate Judge Chris Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). On May 13, 2026, Judge Stephens issued a Report and Recommendation (R&R) recommending denial of Plaintiff's application and dismissal of this action without prejudice unless Plaintiff pays the $405.00 filing fee in full within twenty-one days from the date of any order adopting the R&R [Doc. No. 7]. Plaintiff objected (Obj.) [Doc. No. 9], triggering de novo review.

As a preliminary matter, the Court notes Plaintiff filed two applications for leave to proceed in forma pauperis. Construing his filings liberally, the Court DENIES the first application [Doc. No. 2] as MOOT and considers the merits of Plaintiff's second application [Doc. No. 3].

Turning to the merits, Plaintiff has accumulated three strikes from prior federal civil lawsuits. R&R at 2. Accordingly, he may proceed without prepayment of fees only if he sufficiently pleads "specific, credible allegations of imminent danger of serious physical harm" and those allegations are assessed "at the time he filed his complaint." 28 U.S.C. § 1915(g); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). In addition, there must be "a nexus between the

1

imminent danger he alleges and the legal claims asserted." *Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767, 770 (10th Cir. 2019) (citation modified). Against this backdrop, Judge Stephens concludes Plaintiff failed to establish the required nexus because his claims concern allegations of past misconduct and conditions of confinement at James Crabtree Correctional Center, but he has since been transferred to another facility. R&R at 3–5. Therefore, a favorable judicial outcome would not redress any injury Plaintiff has alleged. *Id.*

In his objection, Plaintiff argues that his transfer does not eliminate the threat because he remains in the custody of the Oklahoma Department of Corrections (ODOC) and could be subjected to the same conduct at any ODOC facility, including if he is transferred back to James Crabtree Correctional Center. Obj. at 1–2. These arguments are unpersuasive. Plaintiff's allegations concern harm allegedly threatened at James Crabtree Correctional Center, where he was housed when he filed his Complaint. [Doc. No. 1]. Because Plaintiff is no longer incarcerated there, he has not established the requisite nexus between the imminent danger alleged and the claims asserted in this action. *See Boles*, 794 F. App'x at 770; *Davis v. Louthan*, No. CIV-25-502-PRW, 2025 WL 1921780, at *4 (W.D. Okla. May 30, 2025) (R&R), adopted, 2025 WL 1921265 (W.D. Okla. July 11, 2025). Moreover, to the extent Plaintiff's allegations concern past harm or speculative future injury, that does not establish imminent danger under § 1915(g). *See Davis*, 2025 WL 1921780, at *4; *Barrett v. Workman*, 486 F. App'x 706, 708 (10th Cir. 2012).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 7], DENIES Plaintiff's first application to proceed in forma pauperis [Doc. No. 2] as MOOT, DENIES Plaintiff's second application to proceed in forma pauperis [Doc. No. 3], and ORDERS Plaintiff to pay the $405.00 filing fee within twenty-one days of the date of this Order. Plaintiff is advised

that if he does not pay the full $405.00 filing fee within twenty-one days of the date of this Order, this action will be dismissed without prejudice.

IT IS SO ORDERED this 11th day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3